# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-247 |
| | ) | |
| CHANTELL EVANS and RAYMOND TURNER, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court are the Motion for Severance and Brief in Support [Doc. No. 95] of Defendant Raymond Turner and the Motion to Sever and Brief in Support [Doc. No. 120] of Defendant Chantell Evans. Also before the Court is the Motion to Divide the Conspiracy Alleged in Count One into Two Conspiracies and Separate Counts [Doc. No. 119] of Defendant Evans. The government has filed a joint response [Doc. No. 123] and the matter is fully briefed.

**I.    Factual Background**

Defendants Turner and Evans are former employees of IBC Bank in Oklahoma City, Oklahoma (the Bank). Defendants were employed at the Bank in May and June 2014. Two bank robberies (one of which is charged as an armed robbery) and a wire fraud transaction occurred at the Bank during this time period.

A total of six defendants, including Turner and Evans, have been charged in a six-count Superseding Indictment [Doc. No. 21] in relation to the bank robberies and wire fraud transaction. Three co-defendants, Garrett, Foster and Cobb have entered pleas. A fourth co-defendant, Stanley, has entered a plea to a Superseding Information.[1] Defendants Turner and Evans are charged with

---

[1]Defendant Evans acknowledges that the fact other co-defendants have pled guilty "could
(continued...)

Conspiracy to Commit Bank Robbery, Armed Bank Robbery and Wire Fraud (Count 1); Armed Bank Robbery (Count 2); and Wire Fraud (Count 6). The Superseding Indictment charges Defendants Turner and Evans with planning and/or participating in the bank robberies and wire fraud transaction.

## II. Standard Governing Severance[2]

The Tenth Circuit has held that defendants indicted together should be tried in the same trial:

> In our circuit, *the general rule is to try persons jointly indicted together*, and we will not reverse the lower court's decision [to deny a motion to sever] absent a strong showing of prejudice." *United States v. Wright*, 932 F.2d 868, 876 (10th Cir.), *cert. denied*, 502 U.S. 962, ----, 112 S.Ct. 428, 450, 116 L.Ed.2d 448, 467 (1991) (citations omitted). Joinder is allowed when the evidence overlaps and the offenses arise from the same series of acts or transactions, *id.*; *in a conspiracy trial it is preferred that persons charged together be tried together. See United States v. Troutman*, 814 F.2d 1428, 1447 (10th Cir.1987); *United States v. Morales*, 868 F.2d 1562, 1568-70 (11th Cir.1989).

*United States v. Scott,* 37 F.3d 1564, 1579 (10th Cir.1994) (emphasis added). Joint trials of defendants who are indicted together are preferred because '[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Hall,* 473 F.3d 1295, 1301-02 (10th Cir. 2007) (*quoting Zafiro v. United States*, 506 U.S. 534, 537 (1993)). The Tenth Circuit's view is based on the application of Rule 8 of the Federal Rules of

---

[1](...continued)
potentially affect the driving force of certain portions of [her] motion." *See* Defendant Evans' Motion to Sever at p. 2.

[2]Defendant Evans further contends the standard applied to Rule 14 motions that "tells a trial judge to deny a motion to sever unless a defendant can show prejudice substantial enough to overcome the interests of judicial economy" is unconstitutional. *See* Defendant Evans' Motion to Sever at p. 7. Defendant Evans has not accurately stated the standard. In any event, the Court has applied the correct standard and is bound by Tenth Circuit precedent. The Court, therefore, rejects any constitutional challenge to the showing of prejudice that must be demonstrated to warrant a severance.

2

Criminal Procedure, which provides:

> **Joinder of Offenses or Defendants**
>
> a) **Joinder of Offenses**. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

Relief from joinder is authorized by Rule 14(a):

> **Relief from Prejudicial Joinder**
>
> (a) **Relief**. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). If joinder appears to prejudice a defendant, the court "*may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *Hall*, 473 F.3d at 1302 (*citing* Fed. R. Crim. P. 14(a)). According to the Tenth Circuit:

> "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933. "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir.1984).

*Hall*, 473 F.3d at 1302.

### III. <u>Defendant Evans' Request for Severance</u>

Although Defendant Evans requests that the Court sever her trial from that of the other defendants, her motion is silent with respect to any reasons why a separate trial is warranted. Instead, Defendant Evans' motion focuses solely on her contention that joinder of count six – wire fraud – is prejudicial because it is unrelated to the bank robberies and is not a violent crime as it is not a "gun-related" crime. Because Defendant Evans fails to articulate any reason for trying her separately from her co-defendants and has made no demonstration of prejudice if a separate trial were not granted, the Court focuses its analysis on whether a severance of count six is proper.

The government argues that the conspiracy count includes both the wire fraud and bank robberies as the conduct underlying the conspiracy and thus it would be "illogical" to sever the substantive wire fraud count. In addition, the government argues that separation of the wire fraud count would cause a substantial duplication of witness testimony. The government further argues that the joinder of weapon with non-weapon offenses is not, without more, sufficient to establish prejudice.

In *United States v. Jones*, 530 F.3d 1292 (10th Cir. 2008) the Tenth Circuit addressed the propriety of a denial of a motion for severance requested on grounds that drug and firearm evidence would be prejudicial to the defendant's defense by way of a "spillover effect." The court determined the district court did not commit plain error by denying severance where the court gave a limiting instruction and the evidence of the drug and firearms violations "would not have helped the government establish the elements of bank fraud and conspiracy beyond a reasonable doubt." *Id*. at 1303.

The Court concludes, contrary to Defendant Evans' assertion, that the wire fraud count charges conduct that involves evidence common to the other charges and as in *Jones*, any prejudice

Although Defendant Evans requests that the Court sever her trial from that of the other defendants, her motion is silent with respect to any reasons why a separate trial is warranted. Instead, Defendant Evans' motion focuses solely on her contention that joinder of count six – wire fraud – is prejudicial because it is unrelated to the bank robberies and is not a violent crime as it is not a "gun-related" crime. Because Defendant Evans fails to articulate any reason for trying her separately from her co-defendants and has made no demonstration of prejudice if a separate trial were not granted, the Court focuses its analysis on whether a severance of count six is proper.

The government argues that the conspiracy count includes both the wire fraud and bank robberies as the conduct underlying the conspiracy and thus it would be "illogical" to sever the substantive wire fraud count. In addition, the government argues that separation of the wire fraud count would cause a substantial duplication of witness testimony. The government further argues that the joinder of weapon with non-weapon offenses is not, without more, sufficient to establish prejudice.

In *United States v. Jones*, 530 F.3d 1292 (10th Cir. 2008) the Tenth Circuit addressed the propriety of a denial of a motion for severance requested on grounds that drug and firearm evidence would be prejudicial to the defendant's defense by way of a "spillover effect." The court determined the district court did not commit plain error by denying severance where the court gave a limiting instruction and the evidence of the drug and firearms violations "would not have helped the government establish the elements of bank fraud and conspiracy beyond a reasonable doubt." *Id*. at 1303.

The Court concludes, contrary to Defendant Evans' assertion, that the wire fraud count charges conduct that involves evidence common to the other charges and as in *Jones*, any prejudice

resulting from the spillover effect about which Defendant Evans expresses concern can be addressed by an appropriate limiting instruction. Moreover, the firearm evidence related to the armed robbery count will not help the government prove its wire fraud claim against Defendant Evans beyond a reasonable doubt. The Court finds, therefore, that Defendant Evans has not met her burden of showing real prejudice to her case absent severance of count six charging wire fraud.

**IV.     Defendant Turner's Request for Severance**

Defendant Turner also seeks a severance of his trial from the trial of his co-defendants. He contends the vast majority of evidence to be presented relates to conduct of his co-defendants and that it would be "practically impossible for the jury to give individual consideration to the evidence that does relate to [him]." He also anticipates the government will introduce co-conspirator statements – some of which do not relate to him – but will be used to "aggravate" the case against him and cause the jury to convict based on "guilty by association." He contends a limiting instruction would not be effective to cure any resulting prejudice.

Defendant Turner filed his motion for severance prior to the pleas entered by the majority of his co-defendants. Only Defendant Evans remains to be tried with Defendant Turner. Thus, Defendant Turner's concerns have been alleviated to a significant degree. As to the conspiracy charge, Defendant Turner has not demonstrated why the Court should part from the preferred practice in a conspiracy case to jointly try persons charged together. "As a general rule, neither a mere allegation that defendant would have a better chance of acquittal in a separate trial nor an argument that evidence against one defendant would have a 'spillover effect' on another defendant demonstrates prejudice." *Jones*, 530 F.3d at 1303 (citation and internal quotations omitted).

Defendant Turner claims his Sixth Amendment confrontation rights will be violated absent severance because of the introduction of co-conspirator statements and cites *Bruton v. United States*, 391 U.S. 123 (1968). The government responds that the co-conspirator statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(E). Moreover, Defendant Turner has not demonstrated the co-conspirator statements are testimonial. *See, e.g., United States v. Clark*, 717 F.3d 790, 814-817 (district court did not err in refusing to grant severance from co-defendant; statements made in furtherance of a conspiracy were not testimonial and, therefore, any *Bruton* claim must fail); *see also United States v. Townley*, 472 F.3d 1267, 1275 (10th Cir. 2007) (co-conspirator statements were not testimonial because "[n]one of [them] was made at a hearing or trial or as a result of police interrogation, and no reasonable person in the position of the [ ] declarants would have objectively foreseen that these statements would be used in the investigation or prosecution of the conspiracy.") (citation omitted).[3] Accordingly, the Court finds Defendant Turner has not met his burden of demonstrating a severance is warranted or that the Court should depart from the preferred practice of jointly trying persons charged together in a conspiracy.

## V. Defendant Evans' Motion to Divide the Conspiracy Alleged in Count One Into Two Conspiracies and Separate Counts

Defendant Evans further requests the Court to divide the conspiracy charged in Count One into two separate counts. Defendant contends the conspiracy is actually two different conspiracies that must be considered individually. Defendant contends the "physical robbery" that forms part of the conspiracy was conducted by a different group of defendants than those involved in the wire transfer. Defendant acknowledges there is "overlap between the membership of the 'physical

---

[3]Defendant Turner has filed a motion [Doc. No. 96] requesting a *James* hearing. The Court has not yet conducted the *James* hearing.

robbery group' and the 'transfer' group" but contends "these are two independent agreements/crimes." *See* Defendant Evans' Motion to Divide at p. 2. Defendant further contends the characteristics of the physical robbery conspiracy are significantly different from the characteristics of the wire transfer theft. Mirroring the arguments made in support of her motion to sever count 6, she further emphasizes that the physical robbery involved a different degree of risk due to the involvement of firearms. Finally, Defendant contends the target of the crimes was different. The physical robbery did not involve a specific account whereas the wire transfer targeted a specific account.

In response, the government contends the evidence for each of the underlying crimes involves many of the same witnesses who will be testifying as co-conspirators. In addition, the government contends discussions about the wire fraud transaction occurred during the planning of the bank robbery and the two events occurred contemporaneously. Moreover, Defendant Evans and Turner each held positions at the Bank used to assist in the commission of both the robbery and the wire fraud transaction. Finally, the government contends the fact that the wire transfer may be more "benign" than the armed robbery, is insufficient to establish the "real prejudice" necessary to require severance of the conspiracy charge into two counts.

The Court finds Defendant Evans has not sufficiently demonstrated that a severance of the conspiracy charge into two separate counts is warranted. Defendant Turner and Defendant Evans were both employees of the Bank during the period in which the crimes were committed and the crimes occurred in close proximity. The underlying conduct which forms the basis for the conspiracy is based upon the same series of acts or transactions even if the "physical robbery" was different in kind from the "wire transfer theft." Additionally, for the same reasons as discussed in relation to

7

Defendant Evans' request for a severance of count six, the firearm evidence related to the armed robbery will not have an unduly prejudicial spillover effect.

IT IS THEREFORE ORDERED that the Motion for Severance and Brief in Support [Doc. No. 95] of Defendant Raymond Turner and the Motion to Sever and Brief in Support [Doc. No. 120] of Defendant Chantell Evans are DENIED.

IT IS FURTHER ORDERED that Defendant Evans' Motion to Divide the Conspiracy Alleged in Count One into Two Conspiracies and Separate Counts [Doc. No. 119] is DENIED.

IT IS SO ORDERED this 8th day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE