# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-14-247-D |
| RAYMOND TURNER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Defendants Raymond Turner and Chantell Evans filed motions [Doc. Nos. 96 and 118, respectively] requesting a hearing to determine whether out-of-court statements made by coconspirators are admissible at trial as non-hearsay statements, pursuant to Fed.R.Evid. 801(d)(2)(E). The government filed its response [Doc. No. 129]. On March 11, 2015, the Court conducted a hearing on this matter pursuant to *United States v. Urena*, 27 F. 3d 1487 (10th Cir. 1994) and *United States v. James,* 590 F.2d 575 (5th Cir. 1979).

The government submitted with its response, and in advance of the hearing, materials purportedly containing the coconspirator statements it intends to introduce at trial as evidence of the conspiracy charged in Count One of the Superseding Indictment. Specifically, the government alleges Defendants Turner and Evans conspired to commit armed bank robbery, bank robbery and wire fraud. The conspiracy is alleged to have occurred during the time frame of May 2014 through July 2014.

The statements disclosed by the government prior to the *James* hearing reflect that it seeks to introduce at trial statements made by defendants Turner and Evans, and alleged coconspirators Deaunte Shyton Cobb (Cobb), Taylor Foster (Foster), and Tashira Garrett (Garrett). Each of the

coconspirators are charged as defendants in the Superseding Indictment.[1] Cobb, Foster, and Garrett have entered guilty pleas. At the *James* hearing, the government additionally elicited testimony about alleged coconspirator statements of Matraca Stanley (Stanley), another co-defendant. Stanley has also entered a guilty plea. The coconspirators' statements were provided in the context of their interviews, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**I.      Standards Governing Admission of Coconspirator Statements**

For the statements at issue to be admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(E), the government must established by a preponderance of the evidence that 1) a conspiracy existed; 2) the declarant and the defendant were both members of the conspiracy; and 3) the statements at issue were made in the course of, and in furtherance of, the conspiracy. *United States v. Hall*, 473 F.3d 1295, 1302 -1303 (10th Cir. 2007) (*citing United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir.1997)); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

As to the third element, "[s]tatements by a conspirator are in furtherance of the conspiracy when they are intended to 'promote the conspiratorial objectives.'" *United States v. Townley*, 472 F.2d 1267, 1273 (10th Cir. 2007) (*quoting United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986)). "Such promotion occurs through statements that explain events of importance to the conspiracy in order to facilitate its operation, statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy, and statements of a coconspirator identifying a fellow coconspirator." *Id*. (internal quotations and citations omitted).

---

[1] All co-defendants except Stanley are charged in Count One with conspiracy.

## II. Evidence Introduced at the *James* Hearing

At the hearing, the government presented its evidence through the testimony of Federal Bureau of Investigation ("FBI") agent Ingrid Arbuthnot-Stohl, the case agent assigned to investigate the crimes.[2] Agent Arbuthnot-Stohl relayed details regarding how the investigation of the bank robberies developed, the manner and method by which the robberies were committed and the defendants' roles in the robberies. She also relayed details of the alleged wire fraud scheme and the investigation related thereto. In addition, during her testimony, Agent Arbuthnot-Stohl summarized the statements made by defendants Cobb, Garrett, Foster and Stanley during their Rule 11 interviews.

## III. Discussion

The alleged conspiratorial acts of Turner and Evans arise from four separate bank robberies (May 10, 2014, May 14, 2014, June 19, 2014 and July 17, 2014) and one wire fraud scheme that took place over the course of June 12 through June 19, 2014. The evidence offered at the hearing implicates their participation in all five illegal acts.

However, in presenting its evidence the government did not attempt to show whether the coconspirator statements were offered as proof of a conspiracy as to one, more than one, or all of these crimes. The evidence largely focused on the June 19, 2014, bank robbery and the wire fraud scheme. In addition, the government did not show as to each coconspirator's statement, whether it would be offered as to Turner, Evans, or both Turner and Evans. Nor did the government attempt to show whether, as to each of the underlying crimes, the particular declarant was a member of the

---

[2]The evidence presented at a *James* hearing may consist of the testimony of a law enforcement officer who summarizes the anticipated testimony at issue. *Owens*, 70 F.3d at 1124.

3

conspiracy with Turner and/or Evans.[3] Moreover, although the bulk of the statements about which Agent Arbuthnot-Stohl testified were made in furtherance of a conspiracy, it is not clear from the testimony offered at the *James* hearing exactly which statements the government intends to offer as Fed. R. Evid. 801(d)(2)(E) statements.

The Court therefore directs the government to submit a supplemental filing to address these deficiencies. In addition, the government shall specifically identify each statement it intends to offer at trial under Fed. R. Evid. 801(d)(2)(E), who made the statement, when it was made and which witness(es) the statement will be offered through. The government is ordered to submit its supplemental filing within seven (7) days of the date of this Order. The Court reserves making any final determinations about the admissibility of any coconspirator statements under Fed. R. Evid. 801(d)(2)(E) until it has received the government's supplemental filing.

IT IS SO ORDERED this  23rd  day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] As just a few illustrative examples, there is no evidence that Cobb was a member of any conspiracy to commit the May bank robberies or the July bank robbery. In addition, there is no evidence that Stanley was a member of any conspiracy to commit the wire fraud scheme. As noted, Stanley was not charged with conspiracy in the Superseding Indictment.